KATHARINE NORTON, Appellant, v. WILLIAM G. NORTON, Respondent.— In an action to set aside a separation agreement, order in so far as it grants defendant's motion to vacate notice of examination before trial as to item 3 of the notice and vacates items 1 and 2 as to the years 1930 and 1931 reversed on the law, with ten dollars costs and disbursements, and motion to vacate denied, with ten dollars costs; the examination to proceed on five days' notice. We are of opinion that the plaintiff is entitled to examine the defendant not only with reference to his financial condition during the year in which the contract was made, but for the two preceding years, in order that the court may determine the financial condition of the defendant at the time the contract was made. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Rehabilitator of BOND AND MORTGAGE GUARANTEE COMPANY, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY, Respondent.— Action for money had and received (an implied contract) based upon an executed rescission of a transaction. Order denying plaintiff's motion to dismiss the third, fourth, fifth, sixth and seventh defenses and set-offs, founded upon contract claims, affirmed, with ten dollars costs and disbursements. Even though plaintiff's grievance is one that grows out of an illegal or wrongful act of the defendant, plaintiff has, as a matter of election of remedies, elected to sue *ex contractu*. Having done so he has afforded the defendant the opportunity to interpose these set-offs under section 266 of the Civil Practice Act. It is the form of the remedy availed of in the complaint that determines whether or not the subject-matter of these set-offs is properly pleaded in that form. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. NICHOLAS MALAVASSI, Respondent.— Order of the County Court of Richmond county dismissing an indictment for perjury in the first degree reversed on the law, motion denied, and the indictment reinstated. The facts averred in the indictment constitute the crime of perjury in the first degree within sections 1620 and 1620-a of the Penal Law. Section 760 of the Penal Law has no application. It concerns a certificate of nomination and the facts here relate to a nominating petition. There is no provision in article 74 of the Penal Law that makes the offenses therein defined and the punishment therefor exclusive. The fact that an act is a crime under two or more sections of the Penal Law does not bar prosecution under either provision. In such a case the duty devolves upon the grand jury and the district attorney to determine under which of the applicable sections of the statute an indictment should be found. Penal statutes covering substantially the same offenses may stand together and one may be prosecuted under any one of the provisions making the act or acts an offense. (Penal Law, § 1938; *People* v. *Dwyer*, 215 N. Y. 46, 52.) Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOSEPH ROMANO, Respondent.— Order of the County Court of Richmond county dismissing an indictment for perjury in the first degree reversed on the law, motion denied, and the indictment reinstated on authority of *People* v. *Malavassi* (*ante*, p. 784), decided herewith. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.