**STATE, Plaintiff-Appellee, v. BENJAMIN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23683.   Decided March 14, 1956.

532

Frank T. Cullitan, Pros. Atty., for plaintiff-appellee.

Lyman & Lyman, Columbus, Webster S. Lyman, Jr., of Counsel, for defendant-appellant.

## OPINION

By SKEEL, J:

This appeal comes to this Court on questions of law from a judgment of the Common Pleas Court of Cuyahoga County entered on the verdict of a jury finding the defendant guilty on each of two counts of an indictment wherein the defendant was charged separately with the crimes of maiming and disfigurement with the use of lye.

The indictments are as follows:

"1. That James Benjamin on or about the 11th day of March, 1952, at Cuyahoga County, unlawfully did make an assault on Elizabeth Stanley with malicious intent thereby to maim and disfigure the said Elizabeth Stanley and by so doing the said James Benjamin did then and there maim and disfigure the said Elizabeth Stanley by putting out and destroying the eye of the said Elizabeth Stanley, and

"2. That James Benjamin on or about the 11th day of March, 1952, at the County aforesaid, unlawfully did make an assault on Elizabeth Stanley and then and there the said James Benjamin threw upon the face of said Elizabeth Stanley, a quantity of caustic substance, to-wit: Lye Water, with the malicious intent thereby to disfigure and maim the said Elizabeth Stanley and by so doing the said James Benjamin did then and there disfigure the face of said Elizabeth Stanley, by putting out her eye."

The statute in effect at the time and under which these indictments were returned, defining the crimes charged therein was §12416 GC, which provides:

"Whoever, with malicious intent to maim or disfigure, cuts, bites or slits the nose, ear or lip, cuts out or disables the tongue, puts out or destroys an eye, cuts off or disables a limb or member, of another, or throws or pours upon or throws at another scalding water, or assaults another with a dangerous instrument, shall be imprisoned in the penitentiary not less than three years nor more than thirty years; and whoever, with like intent, throws upon the person of another oil of vitriol or other corrosive acid, or caustic substance, so as to disfigure the person, may be imprisoned in the penitentiary for life."

Three separate crimes are defined by this section. They are: maim-

ing of another purposely by any one of the means detailed in the first part of the section that would in fact constitute the crime of "maiming" as defined at common law, or disfiguring another purposely by any of the means therein described. The third crime is found in the latter part of the section defining the purposeful disfigurement of another by the use of oil of vitriol, or other corrosive acid, or caustic substance. For the two crimes defined in the first part of the section, the penalty provided is inprisonment from three to thirty years while the penalty provided for the crime defined in the last part of the section is life imprisonment.

The defendant was charged in the first count with maiming by unlawfully and purposely putting out the eye of "Elizabeth Stanley." This is a separate crime from that charged in the second count, to-wit: the purposeful disfigurement with the use of lye.

We are not favored in this case with a bill of exceptions so that any error claimed must be found on the face of the record.

It is the claim of the defendant that he could not be found guilty of two crimes by the performance of a single act. Whether more than one act was committed by the defendant is not determinable without a bill of exceptions. Assuming that the throwing of the lye water by which it is alleged the defendant destroyed the eye of Elizabeth Stanley, whereby she was disfigured, was the same act that put out the victim's eye relied upon in the charge of maiming, we cannot agree that but one crime was charged.

The Supreme Court in the case of **State v. Martin, 154 Oh St 539,** said in the second paragraph of the syllabus:

"2. One act may constitute several offenses."

The second paragraph of Sec. 294, headed "Offenses Growing Out of Same Act" found in **Vol. 15, Oh Jur. (2d),** at page 469, provides:

"However, a single act may be an offense against two statutes; and if either statute requires proof of an additional fact, and acquittal of the offense requiring proof of the additional facts does not exempt the defendant from prosecution and punishment under the statute which does not require proof of such additional fact. The legislature may carve out of a single act or transaction several crimes or offenses, so that an individual may at the same time, and in the same transaction, commit several separate or distinct crimes, and be prosecuted for all the crimes committed, without the prosecution for one crime being a bar to the prosecution or prosecutions for the other crimes. By way of illustration, if a single unlawful act results in the killing of more than one person, each homicide constitutes a separate offense for which the defendant may be tried without being twice put in jeopardy. So too, the crime of shooting with intent to kill or wound and that of an assault with intent to commit robbery are separate and distinct offenses, and conviction or acquittal as to one of them, or of an included offense, does not bar an indictment and trial for the other."

The word maiming at Common Law had a very specific meaning that is "to deprive a person of such part of his body as to render him less able in fighting or defending himself than he would otherwise have

been." Bouviers Law Dictionary. In the case of **State v. Johnson, 58 Oh St 417,** the Supreme Court said:

"1. Maim and mayhem are, at common law, equivalent words, and mean the same thing; therefore, a count in an indictment charging the defendant with maliciously biting the ear of another with intent to maim, cannot be supported as to the particular intent charged, as the biting of an ear does not in law constitute a maiming.

"2. Nor can a conviction be had on such a count, for biting the ear with intent to disfigure, under §7316 **R. S.,** permitting a conviction of an inferior degree of the offense charged, as a biting with intent to disfigure is not inferior to a biting, with intent to maim, under §6718 **R. S.** Both offenses are of the same degree."

The destruction of an eye by any purposeful and unlawful act would constitute maiming under the provisions of §12416 **GC,** and was the subject of the action charged as a separate and distinct crime in the first count of the indictment. To disfigure a person means "to mar the figure of, to render less complete or beautiful in appearance or character, to deface, deform." (Webster's International Dictionary.) Certainly to destroy an eye would constitute disfigurement of a very serious nature. The facts alleged in the second count of the indictment (disfigurement by the use of lye water) comes clearly under the last part of §12416 **GC;** the crime there being defined separate and distinct from disfigurement or maiming as defined and punished by the provisions set forth in the first part of this section. The fact that a single act of the defendant, if such was the fact, violated two of the three crimes defined by this section, will not relieve him of prosecution upon each count.

For the foregoing reasons, the defendant's appeal is dismissed and the judgment of the trial court affirmed.

KOVACHY, PJ, HURD, J, concur.