**STATE, Appellee, v. MEADOWS, Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4710. Decided June 5, 1957.

John S. Ballard, Pros. Atty., Anthony Kazlouskas, Asst. Pros. Atty., for appellees.

E. Guy Hammond, for appellant.

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment entered

on a verdict of guilty, rendered against Billy Meadows, the appellant herein.

The grand jury of Summit County, Ohio, returned an indictment against Meadows containing six counts. One count was dismissed by the trial court, and the jury found Meadows not guilty of one count. The trial court combined the other counts to set out only two charges; one count charged Meadows with unlawfully and maliciously cutting and/or stabbing with intent to wound; and the other count charged Meadows with unlawfully and maliciously cutting and/or stabbing with intent to kill. The jury found Meadows, the defendant, guilty on these two counts.

Meadows, on October 3, 1956, cut and stabbed one Ann Brackmyer many times. Some of these wounds were flesh wounds, others were wounds which pierced the skin and flesh. All were administered with a paring knife.

After the entry of judgment, an appeal was prosecuted to this court, and many assignments of error have been set out by counsel for Meadows.

We have examined all of these assignments of error and find none prejudicial to the substantial rights of the appellant, Meadows, under the facts and circumstances herein as shown by the bill of exceptions.

We do wish to comment on one assignment of error: to wit, "* * * the jury found defendant guilty of two separate crimes on the proof of but one delictum."

There was a finding of guilty of two offenses growing out of the acts which Meadows committed on October 3, 1956. Admittedly, Meadows cut and stabbed Mrs. Brackmyer numerous times. Some of the cuttings were not serious, while others pierced her body. One wound, apparently the last (because the knife was in her body at the time Meadows fled from the scene of the crime), pierced her breast, but did not strike a vital organ. Meadows thus committed many acts, not just one.

It has been held in this state that such acts, as we have in the instant case, may give rise to a charge of two separate offenses. Thus, in **Barber v. State, 39 Oh St 660,** the Supreme Court, in interpreting a predecessor statute (§6820 R. S.), which is strikingly similar to the present §2901.23 R. C., said that one charged with maliciously cutting with intent to kill could not be found guilty of maliciously cutting with intent to wound. They are not of inferior degree, but of the same degree and may be punished with equal severity.

In the case of **State v. Hreno, 162 Oh St 192,** at **p. 197,** the court said:

"In **Barber v. State, 39 Oh St 660,** the defendant was indicted for maliciously cutting with intent to kill. That indictment was based on §6820 R. S., which provided that 'whoever maliciously shoots, stabs, cuts or shoots at, another person, with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary not more than twenty nor less than one year.' The verdict was guilty of 'maliciously cutting with intent to wound.' **It will be noted that the same statute made 'cutting with intent to kill' and 'cutting with intent to wound' two separate offenses with a different intent in each.**" (Emphasis ours.)

In the instant case, we have several acts committed on the same person on a day certain; but even if it were one act, it might constitute several offenses. **State v. Martin, 154 Oh St 539.**

A case very similar to the case now before us may be found in State v. Benjamin, 132 N. E. 2d 761. In that case there was one act, and the court there determined (at p. 763) that "The fact that a single act of the defendant * * * violated two of the three crimes defined by this section [§12416 GC] will not relieve him of prosecution upon each count." See also: 22 C. J. S., Criminal Law, Sec. 285.

Meadows, in this case, committed several offenses, and he was properly indicted, tried and convicted of the offense charged in each of the two counts of the indictment.

We have examined all of the claimed errors, and find none prejudicial to the substantial rights of the appellant, Billy Meadows.

The judgment must therefore be affirmed.

Judgment affirmed.

DOYLE and STEVENS, JJ, concur.