**SAVAGE, Petitioner-Appellee, v. ALVIS, Warden, Respondent-Appellant.**

Ohio Appeals, Tenth District. Franklin County.

No. 6150. Decided June 2, 1959.

Cordell Savage, Columbus, for himself.
Mark McElroy, Atty. Genl., William M. Vance, Asst. Atty. Genl., Columbus, for appellant.

**OPINION**

By BRYANT, PJ.

Cordell Savage, appellee herein, filed a petition for writ of habeas

corpus in the Court of Common Pleas in Franklin County, Ohio seeking his release from the Ohio Penitentiary and from the custody of Ralph W. Alvis, Warden of the Ohio Penitentiary, appellant herein.

Savage was sentenced to the Ohio Penitentiary by the Common Pleas Court of Montgomery County, Ohio for a term of one to five years under the provision of §2901.11 R. C. It was after his third escape from the Dayton Correction Farm that the case was taken before the Montgomery County Grand Jury and an indictment returned charging him with escaping from confinement, imposed as a result of a criminal proceeding. **Sec. 2901.11 supra, R. C.**, provides in part as follows:

"* * * No person shall escape, attempt to escape * * * from any confinement or restraint imposed as a result of a criminal * * * proceeding, * * *."

This section in its present form was enacted effective October 2, 1953, in ASHB No. 88 passed by the 100th General Assembly of Ohio. It was formerly known as §12408 GC. Among the changes made in 1953 we note that whereas it previously applied to attempts to escape under the new form it applied to both escapes and attempts to escape. There were numerous other changes made at the same time.

It is also noted that ASHB No. 88, supra, amended another section of the law, **§2917.14 R. C.**, penalizing conveying articles or things into places of confinement to aid an escape. Among the places of confinement added to **§2917.14 supra, R. C.**, by the amendment, were county jails, workhouses or city jails.

What is now **§2901.11 supra, R. C.**, was originally enacted in 1906 being **98 Ohio Laws, p. 177** at **p. 180**, which provided in substance that convicts or prisoners employed "at any work or at any place" should be "deemed guilty of a felony" if they "attempt to escape from custody of such guard or guards; or from any stockade or jail in which said convict or prisoner may be imprisoned or housed; * * *."

Thus from 1906 to 1953 this section dealt with attempts to escape and in the sweeping amendments of 1953 was made to apply to escapes as well as attempts to escape. The record discloses that after the indictment of Savage for his third escape from the Dayton Correction Farm, he entered a plea of guilty and received the sentence here under attack.

It appears that on January 28, 1952, Savage was given a one-year sentence in the Dayton Correction Farm on a charge of assault and battery and that he escaped on June 12, 1952. While at large he was convicted in Kentucky on a burglary charge and sentenced to a Kentucky reformatory for one year. Upon his release by the Kentucky authorities on November 4, 1953, Savage was brought back to the Dayton Correction Farm and a one-year penalty was added to his sentence. However, the following June 15, 1954, he against escaped and while at large was convicted of violating the Dyer Act being sentenced to the United States Penitentiary at Atlanta, Georgia, where he served from February 10, 1955, to December 8, 1957.

Savage was again returned to the Dayton Correction Farm but on July 28, 1958, he made his third escape and next was heard from in

Indianapolis from whence he was returned to Dayton Correction Farm on August 5, 1958.

In his petition of writ of habeas corpus, Savage contended that he was wrongfully indicted under §2901.11 R. C., and that he should have been charged under §2917.23 R. C., which section provides as follows:

"No person, having been committed to a workhouse, shall escape or attempt to escape therefrom.

"Whoever violates this section shall be imprisoned in such workhouse not more than double the term for which he had been originally sentenced.

"Unless the former sentence has expired, such sentence shall commence at the expiration of the former sentence. In the enforcement of this section, the court which originally sentenced such person has jurisdiction concurrently with the court of common pleas in the county in which such workhouse is situated."

The Court of Common Pleas of Franklin County, Ohio upheld Savage's objection and ordered his release. We have not been furnished with a copy of the opinion of the trial court and hence have no means of knowing the reasoning applied or the authorities relied upon by the trial court. The journal entry in this case, filed on March 20, 1959, reads as follows:

"This cause came on to be heard on the petition of Cordell Savage and the return of R. S. Alvis, Warden of the Ohio Penitentiary, respondent, to the Writ of Habeas Corpus issued herein, said respondent having brought the body of petitioner into court.

"Upon consideration of the pleadings, the evidence, and the arguments of counsel, the court finds that the petitioner has sustained the allegations of his petition; that he is in the custody of the respondent as the result of conviction on a charge of escape from a workhouse; that the indictment under which said conviction was had was brought under §2901.11 R. C., and sentence was imposed under said section of imprisonment in the penitentiary not less than one nor more than five years; that sentence should have been imposed under and the indictment drawn under §2917.23 R. C.

"It is therefore ordered that the Writ of Habeas Corpus be allowed and the petitioner released from custody forthwith.

"Exceptions saved to respondent."

It is from this order that the appeal was taken. It should be pointed out that §2917.23 supra, R. C., appears first to have been enacted as part of the Municipal Code in 731 sections on May 7, 1869; 66 **Ohio Laws, p. 145** at p. 196, being **Section 279, Chapter XX—Workhouses.** So far as we can learn this section, which formerly was §12840 GC, previously §2103 R. S., has since its enactment been unchanged except as modified in the several code revisions since.

At the outset, two differences appear between the two statutory provisions dealing with escapes. **Sec. 2901.11** supra, **R. C.,** under which Savage was indicted can be invoked only after an indictment has been voted by the grand jury. This is because by its terms it provides for imprisonment in the penitentiary from one to five years as a possible penalty. The other section, §2917.23 supra, **R. C.,** may be enforced by

affidavit in the form usually applicable in misdemeanor cases. Thus there is an important difference between these two sections. We note also that if there is any conflict between the two, the section under which Savage was indicted is the later expression of the will of the General Assembly of Ohio.

Having determined that the section under which Savage was indicted represents the most recent expression of the will of the Ohio General Assembly, we wish to point out that in our opinion it is unnecessary to inquire into whether or not there is a conflict between §2901.11 supra, and §2917.23 supra, R. C., and on this question we express no opinion whatsoever. No action whatever has been instituted against Savage under §2917.23 supra, R. C., and the question simply is not before us.

Likewise we do not feel it is necessary to consider or determine whether or not there has been any repeal by implication and on this question we express no opinion. In our judgment, this question, too, is not in the case.

Reference has been made to the title of the two sections as indicating the applicability of one or the other but the clear answer to this is that the Ohio Legislature does not enact the titles.

The authority of the legislative body to enact more than one penal statute covering substantially the same offense was upheld in the case of People v. Malavasse, 289 New York Supp. 163, 248 App. Div. 784, in which the syllabus was as follows:

"Fact that an act is a crime under two or more sections of the Penal Code does not bar prosecution under either section, duty being on Grand Jury and the district attorney to determine under which of the applicable sections of the Code an indictment should be found.

"Penal statutes covering substantially the same offenses may stand together and one may be prosecuted under any one of those provisions making the act or acts an offense."

It is well established that the legislative authority may make several crimes out of a single transaction. In the case of the State of Ohio v. Benjamin, 132 N. E. (2d), 761, decided by the Cuyahoga County Court of Appeals, the first branch of the syllabus is as follows:

"The Legislature may carve out of a single act or transaction several crimes or offenses, so that an individual may at the same time, and in the same transaction, commit several separate or distinct crimes, and may be prosecuted for all the crimes committed, without the prosecution for one crime being a bar to the prosecution or prosecutions for other crimes."

See also State of Ohio v. Trunzo, 137 N. E. (2d) 511, which was decided by the Cuyahoga County Court of Appeals, in which the fifth and sixth branches of the syllabus are as follows:

"Four consecutive sentences, as distinguished from concurrent sentences, could be imposed on defendant who was convicted of burglary, larceny, forcing entry into a safe where money was kept, and having possession of burglar tools, though the four convictions each resulted from the same transaction.

"Where one engages in a purposeful act or transaction, the doing of which violates all of the elements of several crimes, he may be tried

and, if found guilty on each or more than one of the counts, may be punished separately for each of the crimes of which his guilt had been established as required by law."

See also **State v. Meadows, 105 Oh Ap 86,** decided by the Summit County Court of Appeals in which the cutting or stabbing of a victim by the defendant was made the subject of two counts in the indictment, one for cutting with intent to wound, and the other for cutting with intent to kill and the convictions under both were upheld. The syllabus thereof provides as follows:

"M. cut and stabbed B. many times. Some of the wounds were superficial; others pierced the skin and flesh. M. was indicted on two counts; one count charged him with unlawfully and maliciously cutting and/or stabbing with intent to wound; the other count charged M. with unlawfully and maliciously cutting and/or stabbing with intent to kill. The jury found M. guilty on both counts. M. appealed, saying the jury erred in finding him 'guilty of two separate crimes on the proof of but one delictum.'

"Held: A defendant who, by means of a knife, cuts and stabs another may be convicted on each of two counts of an indictment which charges in one count cutting and/or stabbing with intent to wound, and, in the other count, cutting and/or stabbing with intent to kill; for each count defines a separate offense, although both offenses are defined in a single statute."

See also **Allen v. State of Ohio, 24 Oh Ap 85** and **Foss v. State of Ohio, 36 Oh Ap 417.** For a case holding that where there are two acts on the same subject the rule is to give effect to both, if possible, and only where they are repugnant, will one cancel the other; see State v. Shoopman, 94 A. (2d) 493, 11 N. J. 333.

For the reasons above set forth the judgment of the court below is reversed and set aside.

Coming now to render the judgment which the trial court should have rendered, the petition for a writ of habeas corpus is dismissed and the petitioner-appellee remanded to the custody of the Warden of the Ohio Penitentiary.

MILLER, J, concurs.
DUFFY, J, dissents.

### DISSENTING OPINION

By DUFFY, J.

The Court of Common Pleas of Franklin County, Ohio, upheld petitioner's objection and ordered that the writ of habeas corpus be allowed and that the petitioner be released from custody. An appeal was taken from that order to this court. The Attorney General states in his brief that the appeal on questions of law is brought in order to clarify for the law-enforcement authorities the statutory construction of §§2901.11 and 2917.23 R. C.

It is clear that more than one penal statute may be enacted covering the same offense, but a special statute covering a particular subject matter is controlling over a general statutory provision covering the

same and other subjects in general terms. See **Andrianos v. Community Traction Co., 155 Oh St 47, 97 N. E. (2d), 549**; and **State, ex rel. Kearns, Pros. Atty., v. Rindsfoos et al, 161 Oh St 60.**

Sec. 2901.11 R. C., makes the escape from confinement a charge carrying a possible penitentiary sentence; and, therefore, it designates such a crime as a felony. (**McKelvy v. State of Ohio, 87 Oh St 1**; and **City of Cleveland v. Betts, 168 Oh St 386, 154 N. E. [2d], 917.**)

Sec. 2917.23 R. C., designates escape from the workhouse as a misdemeanor, since the penalty provided does not call for confinement in the penitentiary.

In the case of **In re Cooper, 134 Oh St 40,** the Ohio Supreme Court, in construing two statutes dealing with child support, held as follows:

"Different statutes providing different penalties for offenses against minors will not be deemed inconsistent or in conflict with each other where the principal elements thereof are similar but are accompanied by varying circumstances aggravating or affecting the degree of such offenses."

Since the only element of the offenses to be considered under either of these sections is the escape, we do not have "varying circumstances aggravating or affecting the degree of such offenses."

We do not believe that an offense can be both a felony and a misdemeanor, and we do not believe that the laws should be written so as to permit prosecutions under general provisions of a penal code where the Legislature has made special laws available to cover the specific offenses. Here it is apparent that these two criminal statutes are repugnant as to the punishment that may be inflicted for an escape from the workhouse; and, unless they can be reconciled, they should not be permitted to stand.

Cities have been given the power to establish workhouses under §715.16 R. C., and Chapter 753 R. C., leaves the control and supervision of the workhouses, erected by the city, with the municipal government. Sec. 2917.23 R. C., in providing for the enforcement of that section prohibiting escapes from the workhouses, states that "the court which originally sentenced such person has jurisdiction concurrently with the court of common pleas in the county in which such workhouse is situated." A municipal court could not have final jurisdiction over the case if the offense of escape from the workhouse is a felony.

Sec. 2901.11 R. C., is a general statute and refers to escapes from confinement imposed as a result of a criminal, contempt, or probate proceeding and is, therefore, not limited to escapes from penal institutions. Sec. 2917.23 R. C., is specific and refers only to escapes or attempts to escape from the workhouse, as does §2917.24 R. C. Chapter 753, dealing with workhouses, leaves the management of the workhouses and the discharge and parole of their inmates in the hands of city officials where the workhouses are erected by the city and treats them differently from State penal institutions.

While we are not dealing specifically with a municipal ordinance prohibiting escape from the workhouse, the effect of the ruling on such ordinances is clear; and if an escape from the workhouse is a felony, a

municipality could not by ordinance make such an escape a misdemeanor. (City of Cleveland v. Betts, 168 Oh St 386.) Since §2901.11 R. C., did not specifically repeal §2917.23 R. C., and the latter section applies specifically and only to escapes from a workhouse and §2901.11 R. C., applies generally to escapes from all institutions, it would appear that the Legislature intended to keep escapes from the workhouses in a special category where they have been since first enacted into law in 1869.

It therefore follows that escapes from the workhouse should be chargeable under §2917.23 R. C., that the charge in this case was brought under the wrong section, and that the Court of Common Pleas was correct in allowing the writ and ordering the release of the petitioner.