STATE, PLAINTIFF, *v.* WILSON, DEFENDANT.

Common Pleas Court, Tuscarawas County.

No. 9697.   Decided June 11, 1962.

*Mr. Harlan R. Spies*, prosecuting attorney, for the state.
*Messrs. Bowers & Bowers*, for the defendant.

LAMNECK, J. The defendant herein, John R. Wilson, was indicted by the Grand Jury of Tuscarawas County, Ohio, on April 19, 1962, for the crime of maliciously cutting with intent to kill under an indictment reading as follows:

"The jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that John R. Wilson on or about the 12th day of June, 1961, at the County of Tuscarawas aforesaid, did maliciously cut one, Merlyn Immel, with intent to kill him, in the City of Dover, County of Tuscarawas, Ohio contrary to and in violation of Section 2901.23, Revised Code, and against the peace and dignity of the State of Ohio."

To this indictment the Defendant entered a written plea dated April 30, 1962, which in part reads as follows:

"The said John R. Wilson in his proper person comes into Court and having heard the said indictment read, says that the said State of Ohio ought not further to prosecute the said indictment against him, the said John R. Wilson, because he says that heretofore, to-wit, at a term of the Court of Common Pleas held at New Philadelphia, Ohio, in and for the County of Tuscarawas in the State of Ohio of the term of January in the year 1962, it was by the jurors of the grand jury of the State of Ohio, impaneled and sworn to inquire of crimes and offenses in and for said County of Tuscarawas, upon their oaths presented that 'The Jurors of the Grand Jury . . . . do find and present that John R. Wilson on or about the 12th day of June, 1961, at the County of Tuscarawas aforesaid did maliciously cut one Merlyn Immel with intent to wound or maim said Merlyn Immel, in the City of Dover, County of Tuscarawas, Ohio, contrary to and in violation of Section 2901.23, Revised Code, and against the

peace and dignity of the State of Ohio,' that said John R. Wilson did enter a plea of Not Guilty to said indictment and that on the 8th day of March, 1962, before a jury duly impaneled and sworn, trial was had on said indictment; that on the 8th day of March, 1962, said jury returned a verdict of Not Guilty said verdict of Not Guilty being duly signed by all twelve of their number; that John R. Wilson was thereupon discharged. Defendant further says that no appeal from said verdict has been made or commenced by the State of Ohio.

"John R. Wilson says that he and the said John R. Wilson so indicted and acquitted as last aforesaid, are one and the same person and that the crime set forth and charged in the indictment last aforesaid is the same crime as is charged in the above indictment."

The Prosecuting Attorney filed a demurrer to this plea in which he contends that the Defendant was neither in jeopardy nor acquitted of the charge contained in the present indictment at the trial on March 8, 1962. The question thus presented to the Court is whether or not, by the last indictment the Defendant is being put twice in jeopardy for the same offense in violation of his constitutional rights.

Section 10, Article I of the Bill of Rights of the Constitution of Ohio provides that:

"No person shall be twice put in jeopardy for the same offense."

Both indictments were based on Section 2901.23, Revised Code, which, omitting the penalty paragraph, reads as follows:

"No person shall maliciously shoot, stab, cut or shoot at another person with intent to kill, wound, or maim such person."

The indictment to which the plea of former jeopardy is interposed charged the Defendant with maliciously cutting . . . . *with intent to wound or maim,* whereas the instant indictment charges the Defendant with maliciously cutting . . . . *with intent to kill.*

Is maliciously cutting with intent to wound or maim, *the same offense* as maliciously cutting with intent to kill?

The words "same offense" were defined by the Supreme Court in *State* v. *Rose,* 89 Ohio St., 383, 106 N. E., 50, as follows:

"The words, 'same offense' means same offense, not the same transaction, not the same acts, not the same circumstances or same situation. . . .

"It is not enough that some single element of the offense charged may have a single element of the same offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the 'same offense.' The usual test accepted by the text writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy."

In *Duvall* v. *State*, 111 Ohio St., 657, 146 N. E., 90, it was held by the Court as follows:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. A single act may be an offense against two statutes; and if either statute requires proof of an additional fact, an acquittal of the offense requiring proof of the additional fact does not exempt the Defendant from prosecution and punishment under the statute which does not require proof of such additional fact."

The Courts have consistently held that Section 2901.23, Revised Code, embraces a number of distinct offenses.

In *Barber* v. *State*, 39 Ohio St., 660, it was decided that under Section 6820, Revised Statutes, similar to Section 2901.23, Revised Code, that *"maliciously cutting with intent to kill"* and *"maliciously cutting with intent to wound"* are separate and distinct offenses and may be punished with equal severity.

To the same effect, it was held in *State* v. *Meadows*, 105 Ohio App., 86, 148 N. E. (2d), 345, that:

"A Defendant who, by means of a knife, cuts and stabs another may be convicted on each of two counts of an indictment which charges in one count cutting and/or stabbing with intent to wound, and in the other count cutting and/or stabbing with intent to kill; for each count defines a separate offense, although both offenses are defined in a single statute."

On page 88 in the Opinion in this case it is said:

"In the instant case, we have several acts committed on the same person on a day certain; but even if it were one act it might constitute several offenses."

In *State* v. *Hreno*, 162 Ohio St., 193, referring to *Barber* v. *State, supra,* involving Section 6820, Revised Statutes similar to Section 2901.23, Revised Code, the Court made this comment on page 197:

"It will be noted, that the same statute, made '*cutting with intent to kill,*' and '*cutting with intent to wound,*' two separate offenses with a different intent in each."

Likewise in *State* v. *Benjamin*, 102 Ohio App., 14, 132 N. E. (2d), 761, it was held under former Section 12416, General Code, now Section 2901.19, Revised Code, that a Defendant could be convicted on two counts: One for maliciously maiming a person by unlawfully putting out an eye, and the other for purposeful disfigurement even though the single act of the accused constitutes both crimes.

That the legislature has authority to make several crimes out of a single transaction seems to be unquestioned. See *Savage* v. *Alvis*, 109 Ohio App., 523, 161 N. E. (2d), 633.

However, the constitutional inhibition against a second trial for the same offense embraces all criminal prosecutions.

In *Mitchell* v. *State*, 42 Ohio St., 383, the defendant was indicted for unlawfully, purposely and feloniously *shooting with intent to kill.* After all the evidence had been presented and while the defendant's counsel was addressing the jury in his behalf, the presiding judge, sua sponte, and against the objection of the defendant made the following order:

"It appearing to the Court that a mistake has been made in charging the proper offense in the indictment, the Court doth discharge the jury without prejudice to the prosecution; to all of which the defendant then and there excepted."

At a subsequent term of court another indictment was returned against the defendant for *shooting at* instead of *shooting.*

A plea in bar was filed to the second indictment to which the prosecuting attorney demurred. The demurrer was sustained and thereafter the defendant was put on trial and a jury returned a verdict of guilty.

The Supreme Court reversed the conviction in that case

and discharged the defendant holding that the defendant had been in former jeopardy under the first indictment. In the *Mitchell case*, the offense of *shooting* with intent to kill and *shooting at* with intent to kill were both included in Section 6820, Revised Statutes, which is substantially the same as Section 2901.23, Revised Code, involved in the instant case.

The court held in the *Mitchell case* that the original indictment included the lesser offense of assault. Where the defendant was put on trial under the first indictment for shooting with intent to kill, he was also put on trial for assault.

When he was put on trial under the second indictment, for the same identical act, the evidence necessary to convict, would have also been sufficient to have proved a legal conviction of assault under the first indictment. Therefore the plea of former jeopardy was sustained.

In the instant case the defendant was found not guilty of the crime of cutting with intent to wound or maim. This also included a finding of not guilty of the included offense of assault. The present indictment of cutting with intent to kill includes the lesser offense of assault for the same identical act. The acquittal under the first indictment is a virtual acquittal as to all matters charged in that indictment including the lesser offense of assault.

If the defendant was put on trial on the second indictment, it could find the defendant guilty of the included offense of assault for which he was found not guilty under the first indictment.

Since the constitutional inhibition against putting an accused twice in jeopardy for the same offense embraces all criminal prosecutions included in an indictment, the court is of the opinion that a trial under the second indictment would in effect be putting the defendant on trial again for the crime of assault for the same identical act after he once had been found not guilty.

For this reason, the demurrer to the plea of double jeopardy will be overruled.