Day, J.
 

 The basic question in this case is whether the plea of former jeopardy interposed by the defendant in this cause should have been sustained. His right thereto is based upon the violation of Section 10, .Article I of the Bill .of Eights, of the Constitution of the state of Ohio, “No person shall be twice put in jeopardy for the same offense,” and of Article V of the Amendments of -the Constitution of the United States, “nor shall any person be subject for the same offense to be twice put in jeopardy -of life or limb *
 
 *
 
 #.”
 

 It is to be noted that these constitutional guaran
 
 *660
 
 ties only apply to being- placed in jeopardy more than once for the
 
 same
 
 offense. As said by 4 Blackstone’s Commentaries, 336:
 

 "It is to be observed that the pleas of
 
 autrefoits acquit
 
 and
 
 autrefoits convict
 
 * * * must be upon a prosecution for the same identical act and crime.”
 

 The words "same offense” have heretofore been defined by this court in
 
 State
 
 v.
 
 Rose,
 
 89 Ohio St., 383, 106 N. E., 50, L. R. A., 1915A, 256, in this lang-uage:
 

 "The words ‘same offense’ mean same offense, not the same transaction, not the same acts, not the same circumstances or same situation. * * • *
 

 "It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that ■ it shall be the
 
 ‘same
 
 offense.’ The usual test accepted by the text-writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy.”
 

 It will not be contended that Duvall could have been found guilty of robbery under the indictment for murder in attempting to perpetrate a robbery. This court recognized this principle in
 
 Bainbridge
 
 v.
 
 State,
 
 30 Ohio St., 264, 272, this language appearing in the opinion:
 

 "While it is the right of every person not to be put in jeopardy more than once for the same cffense, the principle should be so applied as not to create an immunity for crimes which do not
 
 *661
 
 constitute the offenses for which the criminal has once been exposed to punishment.
 
 Wilson
 
 v.
 
 State,
 
 24 Conn., 57.”
 

 The same principle was again announced in
 
 State
 
 v.
 
 Corwin,
 
 106 Ohio St., 638, 140 N. E., 369, the syllabus of which case recites:
 

 “Where one is tried upon a charge of rape with force and violence, under Section 12413, General Code, and upon trial is acquitted of such charge, and thereafter is indicted under Section .12414, General Code, charging rape with consent, and interposes a plea of former jeopardy to the second indictment, such plea upon demurrer of the state should be overruled.”
 

 We are not unmindful that the diligence of counsel in the carefully prepared brief for the plaintiff in error has presented a number of cases which it is urged sustain the position of the plaintiff in error. Among them are:
 
 State
 
 v.
 
 Rosa,
 
 72 N. J. Law, 462, 62 A. 695;
 
 State
 
 v.
 
 Cooper,
 
 13 N. J. Law, 361, 25 Am. Dec., 490;
 
 State
 
 v.
 
 Mowser,
 
 92 N. J. Law, 474, 106 A., 416, 4 A. L. R., 695 (annotated);
 
 People
 
 v.
 
 Grzesczak, 11
 
 Misc. Rep., 202, 137 N. Y. Supp., 538;
 
 State
 
 v.
 
 Cross,
 
 101 N. C., 770, 7 S. E., 715, 9 Am. St Rep., 53;
 
 State
 
 v. Smith, 43 Vt., 324;
 
 Gilpin
 
 v.
 
 State,
 
 142 Md., 464, 121 A., 354.
 

 The foregoing, and other cases cited, it is claimed sustain the position of the plaintiff in error, which is that the issue of fact, the only issue for the jury to determine in the robbery trial, was the same issue of fact that was decided by the jury in the murder trial, to wit, the alibi of the plaintiff in error; hence the verdict of not guilty in the homicide case was a former acquittal and amounted
 
 *662
 
 also to
 
 res adjudicate/,
 
 between tbe state and the accused upon the robbery charge.
 

 While the decisions outside this state are not uniform, yet cases from other jurisdictions may be cited wherein the same defense has been urged in behalf of one charged with a second offense growing out of the same transaction, and held not to be sufficient against the subsequent charge.
 

 In the case of
 
 McCoy
 
 v.
 
 State,
 
 46 Ark., 141, it appears that MoO'oy and two others were jointly indicted for the murder of one McAllister. McCoy pleaded a former acquittal, but his plea was adjudicated bad upon demurrer. The evidence offered to sustain it ■ showed that the offense of which he was formerly acquitted was an assault with intent to kill, committed upon the wife of the deceased at the time of the killing of McAllister. The theory of the defense was that the conflict in which McAllister was killed and his wife wounded was one for which two separate indictments were returned and that his defense was the same in both eases, to wit, an alibi. McCoy claimed that he was protected by the previous verdict of acquittal from any further prosecution growing out of the same affair. It was held that a plea of former acquittal of the offense charged was not sustained by proof of acquittal under the former indictment of acts of which the defendant could not have been convicted under the latter, even though the defense, to wit, alibi, was the same in both cases. One jury had passed favorably to the defendant in one trial upon the issue of alibi, and the jury in the second case returned a verdict of murder in the first degree, which verdict was sustained.
 

 
 *663
 
 In the case of
 
 Hotema
 
 v.
 
 United States,
 
 186 U. S., 413, 422, 22 S. Ct., 895, 46 L. Ed., 1225, the defendant was charged with killing three persons on the same day. Upon indictments for killing two of his victims, which were consolidated, the defense set up insanity, and the jury returned a verdict of not guilty on the issue of insanity. Upon the indictment for killing the third person on the same day, the defendant set up the plea of being once in jeopardy, and that the issue as to his insanity upon the day in question having been determined favorably to him, he could not again be charged with an offense upon that day of the character named in the indictment, he having already been in jeopardy for such transaction. The first jury in the second trial disagreed upon the issue of insanity, and the second jury impaneled convicted him. Thus, the same issue, to wit, the insanity of the defendant, an affirmative defense not unlike alibi, was passed upon by two juries. Mr. Justice Peekham, speaking for the court, says:
 

 “Being unable to see any legal error committed by the trial court we are bound to.affirm the judgment.”
 

 And on such facts the plea of once in jeopardy was found to be “wholly without merit.”
 

 In the case of
 
 State
 
 v.
 
 Bobbitt,
 
 228 Mo., 252, 272, 128 S. W., 953, the defendant was charged with murder in the first degree for the killing of one Franklin Smith, while burning or attempting to bum Smith’s house, and entered a plea in abatement which in substance averred that defendant had previously been tried on an information for the murder of Franklin Smith, and that the jury
 
 *664
 
 had returned a verdict of not guilty; that the house that he was charged with burning was the same house that the state’s witnesses testified he was burning at the time he shot and killed Smith; and that the proof of arson offered in evidence in the murder trial was a necessary ingredient of the murder. The state demurred, and the court sustained the demurrer to the plea. On pages 272 and 273, (128 S. W., 960), the court says:
 

 “We think it is clear that the court properly held that acquittal of the murder charge is no bar to this prosecution for arson. The plea on its face shows the defendant was not indicted or tried for the offense of arson and a demurrer was the proper way to reach it.”
 

 In
 
 Warren
 
 v.
 
 State,
 
 79 Neb., 526, 113 N. W., 143, the defendant with two others was charged with robbery of one Nells Lausten. Warren was tried separately. He filed a plea in bar alleging that at a prior term of the same court, he, together with the other defendants, had been charged with the murder of Lausten while in the attempt to perpetrate a robbery, and that the instant information charged the same persons with the robbery of money from Lausten. The Nebraska statute (Comp. St., 1922), Section 9544, is almost identical in language with our Section 12400, General Code, and makes substantially the same provisions for murder in the first degree while perpetrating or attempting to perpetrate a robbery, etc. This case is carefully considered and is strongly in point in the present instance, and holds that an acquittal of a defendant upon the charge of murder in attempting to perpetrate a robbery is not a bar to
 
 *665
 
 a prosecution for the crime of robbery of the deceased committed at or about the time of the killing. The matter is well pnt in the opinion of the court, on page 531, (113 N. W., 145), as follows:
 

 “The essential elements necessary to constitute the crime of murder and those necessary to the crime of robbery are entirely different. In proving the commission of murder, under some circumstances it may be necessary to show an attempt to rob or an actual robbery, but, in proving a robbery, it can never be important or necessary to show the murder of the person assaulted. The same proof is not required in both eases, and the crimes are dissimilar, except that in both an assault is an essential element. Tested by every accepted rule, there is no identity between the former charge upon which the defendant was tried and the charge upon which he was convicted.”
 

 The above quotation may well apply to the instant case.
 

 This test of the difference in proof between the two offenses is very generally recognized.
 
 Gavieres
 
 v.
 
 United States, 220
 
 U. S., 338, 31 S. Ct., 421, 55 L. Ed., 489, holds that a single act may be an offense against two statutes, and if each statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution or conviction under the other. The opinion in this case quotes with approval a case frequently cited, to-wit, that of
 
 Morey
 
 v.
 
 Commonwealth,
 
 108 Mass., 433, in which the Supreme Judicial Court of Massachusetts, speaking by Judge Gray, held:
 

 “A conviction or acquittal upon one indictment
 
 *666
 
 is no bar to a subsequent convietion and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the
 
 same
 
 offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does, not exempt the defendant from prosecution and punishment under the other.”
 

 Reference is also made to the case of
 
 State
 
 v.
 
 Caddy,
 
 15 S. D., 167, 87 N. W., 927, 91 Am. St. Rep., 666, which holds:
 

 “An acquittal on trial of an indictment under Comp. Laws, Section 6491, charging an assault on a certain person with a deadly weapon with intent to rob, is not a bar to a conviction under Section 6481 on an indictment charging robbery in taking money from such person against his will, by force.”
 

 This case is well considered and reviews the authorities at considerable length. It must be understood of course that the case at bar is not one of included offenses, or different degrees of the same offense, such as murder in the first degree or murder in the second degree, or manslaughter, etc., where the rule might be otherwise.
 

 It is therefore our conclusion that not only the rule as announced in Ohio but the cases above cited from other jurisdictions sustain the proposition that when the same facts constitute two or more offenses, and the facts necessary to convict on a
 
 *667
 
 second prosecution would not necessarily have convicted on the first, the first prosecution will not he a bar to the second, although the offenses were both committed at the same time and by- the same act.
 
 Hughes
 
 v.
 
 Com.,
 
 131 Ky., 502, 115 S. W., 744, 31 L. R. A. (N. S.), 693;
 
 People
 
 v.
 
 Wilson, (Cal.
 
 Sup.), 226 P., 5;
 
 People
 
 v.
 
 Bentley,
 
 77 Cal., 7, 18 P., 799, 11 Am. St. Rep., 225;
 
 People
 
 v.
 
 Majors,
 
 65 Cal., 138, 3 P., 597, 52 Am. Rep., 295;
 
 State
 
 v.
 
 Jacobson
 
 (Iowa), 197 N. W., 638.
 

 The plaintiff in error further contends that the courts below erred in regard to the admission of the record in the murder case in support of his plea in bar upon the ground of
 
 res adjudicata.
 

 "We think that this question has been determined by this court in
 
 Patterson
 
 v.
 
 State.,
 
 96 Ohio St., 90, 95, 117 N. E., 169, L. R. A. 1918A, 583. In that case Patterson was indicted for grand larceny in the stealing of an automobile belonging to one Wherry. The record disclosed that Patterson, together with one L. J. Wood, entered into a conspiracy to steal cars, one belonging to Dr. L. A. Wood, another owned by one J. H. Conry, and a third belonging to Mrs. H. K Clock. Pursuant to the plan Patterson’s coconspirator stole and delivered the cars to Patterson. Upon the trial of Patterson for stealing the Wherry- car it developed that the accused had theretofore been tried and acquitted for stealing the Clock car, one of the oars embraced in the scheme or plan referred to. The state in offering its evidence offered the conversation between the coconspirator, Wood, and the defendant, Patterson, relating to the Clock car. Objection was interposed by the defendant Pat
 
 *668
 
 terson, which was overruled. There was no plea of former jeopardy introduced formally in the case, but as a part of his defense the accused offered the record of his indictment, trial, and acquittal on the charge of the larceny of the Clock car. The court refused to accept the record so tendered as evidence, to which action of the court the defendant excepted. It was thus claimed as defensive matter that the issue as to the guilt or innocence of P'atterson in the plan or conspiracy to steal the three cars in question had been passed upon by the jury in the charge wherein Patterson was indicted for stealing the Clock car, and that, therefore, it was an adjudication upon the same issues, upon the same evidence, as to the theft of the Wherry car. In sustaining the lower courts for refusing to admit this record, and denying that the acquittal in the former case was conclusive upon the state as estoppel by way of
 
 res adjudicaia,
 
 Jones, J., speaking for this court, said:
 

 “The only protection vouchsafed to the accused in criminal cases is that he shall not be twice placed in jeopardy for the
 
 same offense.
 
 There is no guarantee, either by constitution or by statute, that evidence offered upon the trial of the accused for a different offense, of which he was convicted or acquitted, may not be offered to prove a distinct but related offense. * * * To deny the state the right to prove distinct offenses as part of a conceived and deliberate plan or conspiracy to steal, rob, or murder would be to grant the accused an immunity not contemplated either by our constitution or statute.”
 

 It is quite true that in the
 
 Patterson case
 
 the
 
 *669
 
 question of former jeopardy was not directly pleaded, as in the case at bar, hut a special effort was made to have the doctrine of
 
 res adjudicata
 
 applied, and thus effect the same purpose. It may be said, therefore, that the doctrine of
 
 res adjudicata
 
 is not applicable where one is being tried for one of the substantive offenses embraced in a conspiracy to do an unlawful act, and the former trial was for another offense committed in pursuance of the same conspiracy. In the ease at ba.r the accused, with his two associates, had conspired to rob the deceased, Herbruck, and in the furtherance of their conspiracy the homicide for which plaintiff in error was tried and acquitted took place. The trial for homicide in the attempted perpetration of a robbery was for one offense, even though committed in pursuance of the same conspiracy, and requiring additional and further proof of other elements than in the trial for robbery. Therefore the doctrine of
 
 res adjudicata
 
 is not applicable.
 

 We are of opinion that the offense of murder in attempting to perpetrate a robbery and the offense of robbery are separate and distinct offenses, and a general verdict of not guilty returned by the jury under the former charge, to-wit, murder in' attempting to perpetrate a robbery, is not necessarily an adjudication of the fact of the guilt or innocence of the defendant in the commission of the robbery; that they are not the same offense, and that the plea of former jeopardy or
 
 res adjudicata
 
 does not apply.
 

 Entertaining these views, we are constrained to the conclusion that the court of common pleas was right in sustaining the demurrer to the plea in
 
 *670
 
 bar, and in the rejection of evidence offered by the defendant below in support of Ms plea of
 
 res adjudicates.
 

 It follows, therefore, that the judgment of the Court of Appeals in sustaining the findings of the court of common pleas should be. and heieby is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Allen and Conn, JJ., concur.