RUDNER v. STATE

Ohio Appeals, 5th Dist., Stark Co.

No. 823.  Decided Oct. 17, 1927.

**First Publication of this Opinion.**

Judges Richards, Williams and Lloyd of the 6th Dist., sitting.

677.  JUDGMENTS AND DECREES—Motion, in arrest of judgment, will not be granted except on grounds stated in 13748 GC.

Error to Common Pleas.

Judgment affirmed.

George Gordon Battle and E. L. Mills, Canton, for Rudner.

H. W. Harter, Pros. Atty., and C. B. McClintock, Canton, for State.

RICHARDS, J.

Ben Rudner, Patrick Eugene McDermott and Louis Mazer were jointly indicted for first degree murder in the killing of Don R. Mellett. The indictment charged that the murder was committed unlawfully and purposely and with deliberate and premeditated malice.

Rudner was tried separately and the jury returned a verdict finding him not guilty of murder in the first degree, but guilty of murder in the second degree. Thereupon a motion in arrest of judgment was filed by the defendant, and later an amended motion in arrest of judgment was filed, based on the ground that the offense of second degree murder is not embraced within the indictment, and that the evidence did not tend to make out a case of second degree murder against the defendant. In the amended motion the defendant contended, and now contends, that if the evidence had a tendency to prove anything it had a tendency to prove first degree murder committed as a result of deliberation and premeditation. The defendant having been found not guilty of first degree murder therefore insists that he is entitled to be discharged under the clause of the Constitution of Ohio which provides that no person shall be twice in jeopardy for the same offense. The defendant also filed a motion for a new trial, based on various grounds. All these motions were overruled and defendant sentenced to the penitentiary on the verdict finding him guilty of second degree murder, and a bill of exceptions was taken, setting out all of the evidence.

The defendant, now plaintiff in error, came into this court, and filed a motion to dismiss the error proceedings brought by him, insofar as they pertained to the motion for a new trial, and asked that this cause proceed for hearing and determination by this court on the motion to arrest judgment and discharge the prisoner. That motion has been granted and the only matter remaining for consideration is whether the motion in arrest of judgment and to discharge the prisoner should have been granted by the trial court.

We do not find it necessary to determine, in this case, whether a verdict of guilty of murder in the second degree could be sustained in a case where all the evidence showed, beyond a reasonable doubt, that the homicide was committed purposely and maliciously and with a deliberate and premeditated purpose, on the part of the defendant, to kill.

The alleged errors now relied on arise wholly on the motion in arrest of judgment and such motion has no greater scope than is provided by statute. Under the provision of 13748 GC., a motion in arrest of judgment can only be granted for two causes; first, that the grand jury had no legal authority to inquire into the offense charged because it was not committed within the jurisdiction of the court, and second, because the facts stated in the indictment do not constitute an offense. If either of these grounds existed, it would appear upon the face of the record, but it is perfectly clear that neither of these grounds has any foundation in fact or law in this case. We find no prejudicial error, and the judgment is affirmed.

(Williams and Lloyd, JJ., concur.)