Weygandt, C. J.
 

 The indictment in this case was returned by the grand jury under favor of the provisions of Section 6307-18 (a), General Code, which read as follows:
 

 “Whoever shall unlawfully and unintentionally kill another while engaged in the violation of any law of this state applying to the use or regulation of traffic, shall be guilty of manslaughter in the second degree.”
 

 
 *541
 
 The Fifth Amendment to the Constitution of the United States reads in part:
 

 “Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.”
 

 Similarly Section 10 of Article I of the Constitution of Ohio reads in part as follows:
 

 “No person shall be twice put in jeopardy for the same offense.”
 

 Is this defendant now being “twice put in jeopardy for the same offense” by reason of the fact that he previously was indicted and tried for killing another person, John Police, not mentioned in the instant indictment?
 

 Restated more tersely, has the defendant been tried previously for the same
 
 offensel
 

 In still other words, was the killing of John Police in the first, case the same offense as the killing of John M. Batori in the instant case?
 

 It is conceded that the defendant was driving a truck which collided with a motorcycle on which both Police and Batori were riding, and both were killed instantly.
 

 It is elementary law that
 
 one act
 
 may constitute
 
 several offenses,
 
 for example, under a municipal ordinance, a state statute and a federal statute.
 

 The defendant contends that the gravamen of the offense here charged is the unlawful operation of the truck, and that the fact that more than one person was killed is immaterial so far as the offense is concerned. One difficulty with this view7 is that the defendant was not indicted solely for the unlawful operation of his truck. Of course that is an ■ element in the offense; but another essential element is the killing of “another” — a particular person. Another difficulty with this contention is the obvious fact that in the first case the defendant could not have been convicted of killing Batori, since Police was the victim
 
 *542
 
 named in that indictment; and in the instant case it is equally obvious that the defendant can not be convicted of killing Police, since Batori is the victim named. As Observed in the opinion in the case of
 
 State
 
 v.
 
 Rose,
 
 89 Ohio St., 383, 106 N. E., 50, L. R. A. 1915 A, 256, “the usual test accepted by the text-writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicfed of the offense in the second, then he has been in jeopardy.” And as further stated in the opinion in that case “the words ‘same offense’ mean same offense, not the same transaction, not the same acts, not the same circumstances or same situation.”
 

 In the annotation in 172 A. L. R., 1062, the rule is summarized as follows:
 

 “The majority of states hold that there are as many separate and distinct offenses as there are persons injured or killed by the unlawful act so that successive prosecutions may be instituted against the person who committed the unlawful act without violating the rule against double jeopardy.”
 

 In the second paragraph of the syllabus in the case of
 
 State
 
 v.
 
 Billotto,
 
 104 Ohio St., 13, 135 N. E., 285, this court held:
 

 “Two indictments, each charging the unlawful killing of different human beings, though growing out of the same general transaction, quarrel or controversy, do not charge the same offense. They each charge a separate and distinct offense under the laws of Ohio.”
 

 The defendant here seeks to distinguish that ease from the instant one by reason of the fact that in that case the killings resulted from the firing of several shots in instantaneous succession. The defendant in that case contended that the shots were so close together as to constitute only one offense and that therefore he could be tried in only one case although two persons were killed. This court agreed that there was
 
 *543
 
 only one transaction but held that each killing was a separate offense.
 

 Likewise, in the third paragraph of the syllabus in the case of
 
 Duvall
 
 v.
 
 State,
 
 111 Ohio St., 657, 146 N. E., 90, this court held that “a conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other.”
 

 Under the circumstances the Court of Appeals was not in error in holding that the defendant was indicted for two separate offenses and that he has not been twice put in jeopardy for the same offense.
 

 Judgment affirmed.
 

 Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, J J., concur.