Per Curiam.

Defendant contends that he has been twice placed in jeopardy for the same act; that a conviction and sentence for reckless driving and conviction and sentence for driving while intoxicated cannot be based upon the same act; that reckless driving is a lesser included offense both in fact and law of drunken driving where both offenses are based on the identical act; and that where the same act supports both offenses the trial court must elect to prosecute the larger or the lesser crime and not both.
Section 78 of Chapter 24 of the Akron City Code, relative to reckless driving, provides:
“No person shall operate a vehicle * * * without due regard for the safety and rights of the pedestrians and drivers and occupants of all other vehicles * * * and so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways.”
Section 77 of Chapter 24, relative to driving while intoxicated, provides:
*324 “No person who is under the influence of intoxicating liquor or narcotic drugs or opiates shall operate or he in actual physical control of any vehicle * *
To sustain a conviction for reckless driving under Section 78, above quoted, three elements are necessary: (1) Operating a vehicle; (2) operating it without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles; and (3) operating it so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways.
To sustain a conviction for operating or being in actual physical control of a vehicle while intoxicated, under Section 77, above quoted, two elements are necessary: (1) Operating or being in actual physical control of a vehicle; and (2) being under the influence of intoxicating liquor while operating or being in actual physical control of the vehicle.
Evidence which would be sufficient to sustain a conviction for reckless driving would not be sufficient to sustain a conviction for operating or being in control of a vehicle while intoxicated. Being under the influence of intoxicating liquor is not necessarily an element of the former offense, and reckless operation is not an element of the latter offense.
A single act may constitute several offenses by virtue of several statutes or ordinances. A conviction on one charge may not be- a bar to a subsequent conviction and sentence on the other charge unless the evidence required to support the conviction on one would be sufficient to warrant a conviction on the other. Duvall v. State, 111 Ohio St., 657, 146 N. E., 90.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Beii and Taut, JJ., concur.