THE STATE OF OHIO, APPELLEE, *v.* LIEBERMAN, APPELLANT.*

*Motion for leave to appeal overruled, November 8, 1961. Appeal as of right dismissed, 172 Ohio St., 478.

(No. 6489—Decided March 14, 1961.)

Mr. *Earl W. Allison*, prosecuting attorney, and Mr. *Richard J. Brentlinger*, for appellee.

Mr. *Emanuel Harold Lieberman*, in propria persona.

Duffey, P. J.  The appellant, Emanuel Harold Lieberman, was indicted on four counts, two under Section 2917.06, Revised Code, and two under Section 2917.07, Revised Code.  Two of these, one under each section, were dismissed.  Appellant was convicted by a jury on the other two.

Willie Straud was charged by affidavit with the crime of selling property mortgaged to the Spicer Furniture Company.  On September 4, 1959, the Municipal Court bound him over to the grand jury.  The first hearing was set for and held on September 28, 1959.  The hearing was continued, and Straud was eventually indicted on November 9, 1959.

Appellant is an attorney duly admitted to practice in Ohio.  Sometime prior to October 25, 1959, he was hired by Straud to represent him.  On or about October 27, 1959, he had telephoned Normay English.  In this conversation the state claims that Mrs. English told appellant that Straud had sold and she had bought some of the furniture; that appellant attempted to induce her to state that the furniture was merely stored, even though she believed that to be untrue, and to so state if called as a witness before the grand jury; and that, for the purpose of so inducing her, he offered to have Straud repay her the purchase price or, if Straud did not, that he, the appellant, would.

On October 27, Mrs. English had not been called either by subpoena or informally to testify before the grand jury.  The prosecuting attorney's office was apparently unaware of her existence at that time.

Appellant has filed nine assignments of error.  Many of these overlap greatly in substance, although directed at different points in the trial.  The two major contentions involve the interpretations of the statutes and the weight of the evidence.

Section 2917.06, Revised Code, provides, in part:

"No person, with intent to corrupt a witness, or to influence him in respect to the testimony he is about or may be called upon to give in an action or proceeding pending, or about to be

commenced, either before or after he is subpoenaed or sworn, shall offer, promise, or give to him or to any one for him, any valuable thing."

Appellant contends that under the facts, Normay English was not a "witness." He contends also that the alleged offer, if made, would be merely restitution to which she was legally entitled, and not within the meaning of "any valuable thing." The trial court charged:

"* * * I charge you as a matter of law that the state need not prove that Normay English whom it is alleged was the witness had actually been subpoenaed as a witness at the time of the alleged acts giving rise or claimed to give rise to the charge in both counts of the indictment which remain * * *."

The court continued by stating that the state must prove that she did in fact have factual knowledge which was pertinent or relevant to the grand jury proceedings, and that if she had such knowledge, she was a "witness" within Section 2917.06, Revised Code.

We agree with the trial court's interpretation of that statute as applied to this case. The statute covers a person who has not in fact testified, since it refers to testimony which a witness "may be called upon to give." It specifically provides that he need not be sworn or even subpoenaed. By its terms, proceedings need not be pending. They need only be "about to be commenced." The appellant's narrow interpretation would conflict with these specific provisions. It is undisputed that Normay English had some of the furniture in her possession, and that it was either stored with her, or purchased by her. Clearly, therefore, she had factual knowledge relevant to the proceedings pending against Straud.

With respect to an offer of "any valuable thing," we believe the offer alleged clearly satisfies the statutory requirement. The purpose of a bribe is to induce action. The Legislature might well have defined this element of the crime as any offer which would induce that particular person to act in the manner desired. Certainly, considering the purpose of the statute, the test of value must be from the viewpoint of the person to be induced. It cannot be limited to legalistic distinctions developed for other purposes.

The solicitation of a bribe is prohibited by Section 2917.01,

Revised Code (Section 12823, General Code). This section also uses the phrase "any valuable thing." In *Scott v. State* (1923), 107 Ohio St., 475, the first paragraph of the syllabus states that the asking of a "substantial favor" in return for protection in illicit traffic in intoxicating liquors was a "valuable thing" within that section. The opinion shows that the defendant offered protection to a man if his daughter would go riding with him and "show him a good time." Taken at its worst, the request was for illicit sexual relations. The court stated, at page 487:

"It would defeat the plain purpose of the statute, if the meaning of the word 'value' were to be so strictly limited that valuable things offered or received in cases of alleged bribery or solicitation of bribery should be held to be only things which are very generally desirable. * * * The test of the value must necessarily be the desire of some person or persons, not necessarily of most persons or all persons, for the thing in question."

The offer alleged here was the payment of money equal to the "purchase" price. If a sale is assumed, Straud's obligation to repay is problematical. It would depend upon the lack of a legal defense by Straud to a claim by Mrs. English. In addition, we believe, as we think most attorneys would agree, that the mere payment without the necessity of legal action against a person of dubious collectibility is of some value. Finally, it should be noted that the alleged offer was not only that Straud would pay, but that, if he did not, this appellant would. The appellant was under no conceivable personal obligation to pledge himself for an obligation, if any, of Straud's.

With respect to the charge under Section 2917.07, Revised Code, the statute provides, in part:

"No person shall, corruptly or by threats or force, attempt to influence, intimidate, or impede a person whose name has been drawn for jury service, a juror, witness, or officer of any court in the discharge of his duty, or corruptly or by threats or force obstruct or impede, or attempt to obstruct or impede, the due administration of justice therein."

Appellant's contention as to the meaning of witness here is more substantial. The word appears as a part of a list, and the context does not necessarily require a broad construction. See *State, ex rel. Corrigan, Pros. Atty.,* v. *Cleveland-Cliffs Iron Co.*

(1959), 160 Ohio St., 42. It might be noted that prior to the Revised Code, the two sections were substantially removed from each other in location. (Sections 12827 and 12866, General Code.) However, the indictment charges an attempt to obstruct justice. The elements of that charge are satisfied by the facts alleged by the state. They are (a) an attempt to corruptly obstruct or impede (b) the due administration of justice in any court. An attempt to bribe within Section 2917.06 is corrupt action. It would, if successful, obstruct or impede the action of the grand jury and, therefore, the due administration of its duties. The facts necessary to establish these elements were required by the court's charge. The error, if any, in charging on the meaning of "witness" under Section 2917.07 could not be prejudicial.

We also agree with the trial court that an honest belief by the appellant that the property was not in fact sold but only stored is no defense. A witness' obligation is to testify to the facts as that witness truly believes them to be. If the appellant offered any valuable thing for the purpose of inducing Mrs. English to testify contrary to *her* belief as to the facts, he violated the statute (and legal ethics) regardless of his own belief and regardless of what a jury might have ultimately found to be true. There is an obvious distinction between such conduct and that of urging a person to re-examine or reconsider his statement.

The appellant challenges the sufficiency of the evidence. The state's principal witness was Normay English. Her testimony covers approximately 40 pages. We believe that she clearly testified to:

(1) The purchase of furniture from Straud;

(2) A phone conversation with the appellant;

(3) The appellant's knowledge that she believed that she had purchased and not stored the furniture;

(4) A request by appellant that she say that it was stored and not purchased;

(5) That this request was not merely an attempt to clarify her belief, nor to break down her statement, but rather a request to make a statement contrary to her own belief.

(The witness testified that she was requested to state that the furniture was stored and "not to mention anything about

the fact that I had paid.'' Further, she testified that upon her stating that other items of the furniture had also been sold by Straud, appellant suggested she say someone broke into her home, took the other items, and that she didn't know what happened to them. The only reasonable inference from this testimony is a request to state facts which she believed to be untrue and which appellant knew that she believed untrue.)

(6) If she would so state, appellant would cause Straud to pay her the amount she had paid or, if not, appellant himself would pay her.

The testimony does not directly reveal to whom Mrs. English was to make this statement. She testified that she didn't know to whom she was to say this. Obviously, it was necessary for the state to establish that appellant intended the statement to be made to the grand jury. It would be morally reprehensible, but not a crime under Sections 2917.06 and 2917.07, Revised Code, to induce her to lie to the furniture company or other private interests. If this testimony was the sole case of the state, an acquittal might have been necessary. However, there is other testimony to substantiate a reasonable inference of an intent that the statement was to be made to the grand jury.

Kaiser, an employee of the furniture company, testified that appellant told him that appellant "was going to get Mrs English to say—to tell us that she didn't pay for it, and if we would go along with that story, he would see that we got it back."

Edward Roth, an assistant prosecuting attorney, testified to conversations with the appellant during the same time period. This testimony established the existence of pending grand jury action and appellant's knowledge of its proceedings. In his testimony, Roth stated that appellant told him that Normay English had stated that the furniture was stored.

Prosecuting Attorney Earl Allison testified to a conversation with appellant during the same time period. In this conversation appellant requested that Straud be released to assist in locating the furniture. Allison stated that appellant also indicated that as soon as it "was established that the property had been stored" he would like the evidence presented to the grand jury.

If the jury believed that appellant made the statements

claimed by Mrs. English, the testimony indicated above, and the circumstances, permit a reasonable inference of an intent to induce her to testify against her belief if called as a witness. It is appellant's intent that is essential, not Mrs. English's understanding of his intent. Her uncertainty is pertinent only as it bears on the reasonableness of the inference.

Appellant's testimony controverted all the essential portions of the state's case. We thus have a case in which the prosecution had to rely to some extent upon inference, and the defendant denied the basic facts. Every court would prefer direct evidence and open-and-shut cases, especially in criminal proceedings. In cases like the present one, there is a possibility of a mistake. However, the jury and trial court had the benefit of personally hearing the witnesses, and a better opportunity to evaluate their credibility. This court's duty is to determine whether the jury's findings were against the manifest weight of the evidence. We cannot substitute our opinion for that of the jury on what would be a proper application of the concept of guilt beyond a reasonable doubt. On the whole record, and constrained by that limitation on our powers, we find that the verdict was not against the manifest weight of the evidence.

The first error assigned is failure to dismiss at the close of the state's case; the third, that the verdict was against the manifest weight of the evidence; the sixth, refusal to dismiss; the seventh, error in concluding that appellant's belief that the furniture was stored was not a defense; the eighth, error on the meaning of "witness." On the basis of what has been stated, we find no prejudicial error under those assignments.

The second assigned error challenges several portions of the charge. The only new contention here is an objection to statements of the court made to the jury upon dismissal of the second and fourth counts. The court instructed in effect that no inference against the defendant should be drawn from the fact that the first and third counts were not dismissed. Appellant claims undue emphasis by the court. We believe the court sincerely attempted to protect the appellant's interest. The statements were accurate and fair.

In his fourth assignment, appellant complains that the bill of particulars was insufficient. No objection was made to court prior to trial. No motion for amendment was made. See Sec-

tions 2941.07 and 2941.30, Revised Code.   Any complaint is now too late.

The fifth assignment complains of a question asked by the court.   In an attempt to clarify the testimony of Mrs. English on various items of the furniture, the court asked: "but that [a couch] was not included with all of these items that he sold and you bought?"   The phrasing is somewhat inapt but was obviously directed at the witness' own testimony and not intended to assume a disputed fact.   Considering the context in which it was asked, and the later explicit instructions in the charge, we find no prejudicial error.

The ninth assignment challenges additional portions of the charge.   We find no prejudicial error in the portions identified.

Appellant was sentenced under both statutes.   The actual sentence imposed indicates some concern with the cumulative effect of the double conviction.   Of course, the state did not have to elect between the two counts.   Section 2941.04, Revised Code.   However, we believe only one sentence should have been imposed.

The Legislature can divide one transaction into parts, making each part a separate offense.   In such cases, different elements exist as to each crime—the possession and sale of narcotics, or a robbery and murder while perpetrating the robbery. *Duvall* v. *State* (1924), 111 Ohio St., 657.   A single act can constitute two offenses where the intent or another element differs—cutting with intent to wound, and cutting with intent to kill.   *State* v. *Meadows* (1957), 105 Ohio App., 86, and see *State* v. *Benjamin* (1956), 102 Ohio App., 14.   Where it is not only the same transaction but the same particular conduct and the same legal elements, there is only one offense even though there are two statutes.

In *Weaver* v. *State* (1906), 74 Ohio St., 53, two separate statutes made it a crime to keep a place for the illegal sale of liquor.   While the wording of the statutes differed somewhat, the court pointed out that under both the crimes were the same in substance and in effect.   The court suggested a test of whether the several counts, if returned as separate indictments and tried separately, would constitute double jeopardy.   The court commented that if this would be so, then to allow sentencing on

both counts would dilute and evade the constitutional prescription. The rationale of the *Weaver case* was approved and followed in *State* v. *Greeno* (1950), 89 Ohio App., 241.

In *City of Akron* v. *Kline* (1956), 165 Ohio St., 322, the court in rejecting a plea of double jeopardy stated, at page 324:

"A single act may constitute several offenses by virtue of several statutes or ordinances. A conviction on one charge may not be a bar to a subsequent conviction and sentence on the other charge unless the evidence required to support the conviction on one would be sufficient to warrant a conviction on the other. *Duvall* v. *State*, 111 Ohio St., 657, 146 N. E., 90."

While the court here used the word "evidence," it would perhaps be equally valid to use the phrase "ultimate facts."

The operation of the two statutes here is of course distinguishable from the area of included offenses. In an included offense, the greater includes all the elements of the lesser, but adds an additional requirement, *i. e.*, robbery and armed robbery. In the present case, the ultimate facts used to prove the elements of bribery are, in themselves, identical to those used to prove the elements of an attempt to obstruct justice.

Under Section 2917.06, Revised Code, the elements of the misdemeanor are (a) the offering of any valuable thing (b) to a witness (c) with intent to corrupt or influence him as to testimony relevant to a proceeding. It is not necessary that the person be in fact influenced.

Section 2917.07, Revised Code, is, of course, much broader in scope, covering many types of conduct which are not within the misdemeanor statute. The statute is drafted in the disjunctive, and each portion constitutes a separate crime; thus, influencing is a separate crime from intimidating. The indictment here did not charge intimidation, nor does the record contain any evidence of an attempt to put Mrs. English in fear as would justify finding intimidation. The indictment charges appellant with influencing a "witness" and an attempt to obstruct justice. Thus, the portion of the statute relevant here is that crime which consists of (a) a corrupt attempt to obstruct or impede (b) the due administration of justice.* The offer of a

---

*Section 2917.07, Revised Code, also makes it a crime to make (a) a corrupt attempt to influence (b) a witness in the discharge of his duty. For reasons indicated earlier, we do not think it necessary to determine the applicability of that portion of the statute.

valuable thing to a person having knowledge relevant to the proceedings, with intent to influence him with respect to his testimony, necessarily constitutes conduct the corrupt purpose of which is (and the success of which would result in) the obstructing or impeding of the due administration of justice in that proceeding. The evidence of the offer is that which establishes an attempt to obstruct justice. In the present case, both the evidence and the essential ultimate facts used to prove appellant's violation of Section 2917.06, Revised Code, are identical to those which proved a violation of Section 2917.07, Revised Code. In substance and effect, the misdemeanor and the felony here are the same. The concept of an "offense" has been considered as differing from, and being broader than, the concept of a "crime." That distinction in the two concepts is the basis of the *Weaver case.* While the simultaneous prosecution and sentencing here is not "double jeopardy," it is obviously redundant and, as the court in *Weaver* stated, a diluting of Section 10, Article I of the Constitution.

Accordingly, in our opinion, there was but one offense, and only one sentence was proper.

The failure of the appellant to challenge the sentencing in the trial court does not waive the error. See *Weaver* v. *State, supra* (74 Ohio St., at 63).

There being no error, except as to sentence, the judgment is affirmed and the cause is remanded with instructions to resentence.

*Judgment accordingly.*

Duffy, J., concurs.
Bryant, J., dissents.

Bryant, J., dissents. While I concur with nearly all the conclusions reached by the other two members of the court, I am in disagreement with the conclusion that the case should be remanded for resentencing based upon a holding by the majority that counts one and three founded in Sections 2917.06 and 2917.07 of the Revised Code are descriptive of the same offense and cannot validly form the basis for two separate sentences. I do not find a holding or determination as to which of the two counts shall be allowed to stand, and the Common Pleas Court presumably will have a choice as to which to sustain and which to throw out.

It seems to me that the majority opinion is based upon the theory that if the defendant, appellant herein, had previously been convicted of count one and later were put on trial under count three, he would be able successfully to interpose the defense of prior conviction, double jeopardy or a combination of the two. Stated another way, if the defendant had been tried and acquitted of the offense charged in count one under the theory of the majority, and if he then were brought to trial on count three, he would in addition to the two defenses set forth above also be entitled to interpose a plea of *res judicata.*

In my opinion, count one, which is founded upon the provisions of Section 2917.06, Revised Code, and count three, which is founded upon the provisions of Section 2917.07, Revised Code, charge separate and distinct offenses, and a defendant may, by a single act, violate both of them and may properly be indicted, tried, convicted and punished for each of them.

In the case of *Duvall* v. *State,* 111 Ohio St., 657, decided by the Supreme Court in 1924, the defendant had been acquitted on the charge of murder in the first degree while attempting to perpetrate a robbery and later was brought to trial on the charge of robbery committed upon the same person and at the same time named in the former charge. The defendant sought to plead *res judicata* which plea was rejected by the Supreme Court, which in the third paragraph of the syllabus held as follows:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. A single act may be an offense against two statutes; and if either statute requires proof of an additional fact, an acquittal of the offense requiring proof of the additional fact does not exempt the defendant from prosecution and punishment under the statute which does not require proof of such additional fact."

In the course of the opinion, at page 660, Day, J., wrote as follows:

"'The words "same offense" mean same offense, not the same transaction, not the same acts, not the same circumstances or same situation. * * *

" 'It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the "*same* offense*.*" The usual test accepted by the text writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy.'

"It will not be contended that Duvall could have been found guilty of robbery under the indictment for murder in attempting to perpetrate a robbery. This court recognized this principle in *Bainbridge* v. *State*, 30 Ohio St., 264, 272, this language appearing in the opinion:

" 'While it is the right of every person not to be put in jeopardy more than once for the same offense, the principle should be so applied as not to create an immunity for crimes which do not constitute the offenses for which the criminal has once been exposed to punishment. *Wilson* v. *State*, 24 Conn., 57.'

"The same principle was again announced in *State* v. *Corwin*, 106 Ohio St., 638, 140 N. E., 369, the syllabus of which case recites:

" 'Where one is tried upon a charge of rape with force and violence, under Section 12413, General Code, and upon trial is acquitted of such charge, and thereafter is indicted under Section 12414, General Code, charging rape with consent, and interposes a plea of former jeopardy to the second indictment, such plea upon demurrer of the state should be overruled.' "

For a more recent holding, see *City of Akron* v. *Kline*, 165 Ohio St., 322, decided by the Supreme Court in 1956. In that case the defendant while driving an automobile in the city of Akron ran off the street and over an embankment. He was arrested and charged by separate affidavits signed by the same police officer and at the same time with reckless driving and with operating an automobile while under the influence of intoxicating liquor under the provisions of the Akron City Code. Defendant pleaded guilty to the reckless driving charge, was given a fine and costs, which he paid. Later, when brought to trial on the drunk driving charge, he pleaded former jeopardy and was found guilty, after which the court imposed a fine and a jail sen-

tence. On appeal to the Court of Appeals of the Ninth Appellate District the conviction was affirmed, but the court found that its judgment was in conflict with a judgment of the Court of Appeals of the Eighth Appellate District and certified the cause to the Supreme Court for review.

The Supreme Court upheld the conviction, fine and sentence upon the second charge and, in a *per curiam* opinion, set forth the elements of the ordinance defining reckless driving and the ordinance defining driving while intoxicated, after which the court said at page 324 as follows:

"Evidence which would be sufficient to sustain a conviction for reckless driving would not be sufficient to sustain a conviction for operating or being in control of a vehicle while intoxicated. Being under the influence of intoxicating liquor is not necessarily an element of the former offense, and reckless operation is not an element of the latter offense.

"A single act may constitute several offenses by virtue of several statutes or ordinances. A conviction on one charge may not be a bar to a subsequent conviction and sentence on the other charge unless the evidence required to support the conviction on one would be sufficient to warrant a conviction on the other. *Duvall v. State*, 111 Ohio St., 657, 146 N. E., 90."

To the same effect, see *State v. Orth*, 106 Ohio App., 35, decided by the Court of Appeals for Allen County in 1957, in which the first paragraph of the syllabus reads as follows:

"The guaranties contained in Section 10, Article I of the Ohio Constitution, and in the Fifth Amendment of the federal Constitution, that no person shall 'be twice put in jeopardy,' apply only to being placed in jeopardy more than once for the same *offense*—not the same transaction, acts, circumstances or situation."

As I view it, count one which as I have stated is based upon Section 2917.06, Revised Code, and which is frequently referred to as penalizing the offense of "bribery of a witness," is clearly distinguishable from count three which is based upon Section 2917.07, Revised Code, which is frequently referred to as "intimidating witness," etc., It is obvious that in the case of the former it is indispensable that there be either an offer, promise or the giving to the witness or prospective witness of "a thing of value," and to me it is equally clear that in the case of the

latter neither allegation nor proof of an offer, promise or gift of any valuable thing is required.

It seems to me therefore upon the authority of the cases above set forth that this is another case where the transaction, acts, circumstances and situation result in the violation of two statutes. So far as necessary to warrant the indictment in count one, Section 2917.06, Revised Code, provides as follows:

"No person, with intent to corrupt a witness, or to influence him in respect to the testimony he is about or may be called upon to give in an action or proceeding pending, or about to be commenced, either before or after he is subpoenaed or sworn, shall offer, promise, or give to him * * * any valuable thing."

So far as necessary to warrant count three of the indictment, Section 2917.07, Revised Code, provides as follows:

"No person shall, corruptly * * * attempt to influence * * * a * * * witness * * * of any court in the discharge of his duty, or corruptly * * * attempt to obstruct or impede, the due administration of justice therein."

In what I have chosen to call the bribery statute, the indispensable element is the offer, promise or giving of a valuable thing, while in the case of what I have called the intimidation of witness statute, no such proof is required.

The trial judge and jury and my two colleagues are in complete agreement that the evidence was sufficient to sustain the convictions and with that I am in full accord. Being of the opinion that convictions on both counts were warranted and that no double jeopardy was involved, I must respectfully dissent from the final paragraphs of the majority opinion ordering the case remanded for resentencing and from the sixth paragraph of the syllabus. In my judgment, the errors assigned are not well taken, should be overruled and the judgment of the court below should be affirmed.

(Decided April 11, 1961.)

On Motion for rehearing.

*Per. Curiam.* Defendant, appellant herein, has filed a motion for rehearing and a request for an oral hearing thereon. After careful consideration of the brief in support of the motion, and re-examination of our opinion on the merits, it is our

354

opinion that the motion be denied. Appellee may file a journal entry on the motion and a journal entry on the merits forthwith.

*Motion denied.*

DUFFEY, P. J., BRYANT and DUFFY, JJ., concur.