Weygandt, C. J.
Does the plaintiff’s petition together with the attached and incorporated memorandum contain factual allegations which show a cause of action?
The plaintiff says that under the provisions of Section 2905.34, Eevised Code, three indictments were returned against him in the Court of Common Pleas for the offenses of (1) possession of obscene literature, (2) the sale of obscene literature, and (3) the manufacture of obscene literature; that the third charge against him was dismissed; that he pleaded guilty to each of the first two charges; and that he was sentenced to a *130 fine of $2,000 on the first charge, and to one to seven years in the Ohio Penitentiary and a fine of $2,000 on the second charge.
The plaintiff contends that the trial court had authority to impose one sentence but not two since the two offenses resulted from the same act or transaction. He has paid the fine of $2,000 imposed for the first offense, and he insists that the sentence for the second offense is invalid.
Section 2941.04, Revised Code, reads in part as follows:
“An indictment or information may charge two or more different offenses connected together in their commission, or different statements of the. same offense, or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated.
“The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict. * * * A verdict of acquittal of one or more counts is not an acquittal of any other count. ’ ’
And in 15 Ohio Jurisprudence (2d), 469, Section 294, the fundamental rule is stated as follows:
‘ ‘ However, a single act may be an offense against two statutes ; and if either statute requires proof of an additional fact, an acquittal of the offense requiring proof of the additional fact does not exempt the defendant from prosecution and punishment under the statute which does not require proof of such additional fact. The legislature may carve out of a single act or transaction several crimes or offenses, so that an individual may at the same time, and in the same transaction, commit several separate or distinct crimes, and be prosecuted for all the crimes committed, without the prosecution for one crime being a bar to the prosecution or prosecutions for the other crimes.”
Likewise, in the second paragraph of the syllabus in the case of State v. Martin, 154 Ohio St., 539, this court restated the general rule:
“One act may constitute several offenses.”
*131 Hence, the Court of Common Pleas was not in error in imposing the two sentences for the two offenses, and the Court of Appeals properly sustained the demurrer to the plaintiff’s petition for a writ of habeas corpus.

Judgment affirmed.

Zimmerman, Matthias, Collier, O’Neill and Griffith, JJ., concur.
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.