Per Curiam.

Petitioner contends that Ms indictment was invalid on the ground of duplicity. He apparently bases this argument on the fact that his indictment contained three separate charges of armed robbery. Under the provisions of Section 2941.04, Revised Code, an indictment may charge two or more different offenses of the same class of crimes or offenses under separate counts. This was done in the present instance. Petitioner’s indictment consisted of three counts, each charging a single and separate offense of armed robbery. This is not duplicity. Duplicity in an indictment is the joinder of two or more separate offenses in a single count. 28 Ohio Jurisprudence (2d), 473, Indictments and Information, Section 63. The charging of separate offenses in separate counts in an indictment *472 does not constitute duplicity. Petitioner’s contention in this respect is without foundation.
Petitioner urges also that his conviction was void because it violated his constitutional right not to be tried twice for the same offense. He bases this argument of former jeopardy on the fact that he was acquitted on the first two counts of his indictment. In order for the defense of former jeopardy to apply it must appear that the evidence required to support the conviction for one offense would have been sufficient to warrant a conviction for another. Duvall v. State, 111 Ohio St., 657; Price v. State, 19 Ohio, 423; and State v. Rose, 89 Ohio St., 383. Such is not the fact in the instant situation. Petitioner was charged with three separate and distinct armed robberies. Evidence as to the commission of any one of them would have had no bearing as to Ms guilt in relation to the others.
Petitioner contends that his trial was void because the court would not allow separate trials for each count in the indictment but tried him on all three counts in the same trial. The consolidation of charges for trial is a matter within the discretion of the trial court. Section 2941.04, Revised Code, reads in part as follows:
“The court in the interest of justice and for good cause shown, may order different offenses or counts set forth in the indictment or information tried separately or divided into two or more groups and each of said groups tried separately. A verdict of acquittal of one or more counts is not an acquittal of any other count.”
Inasmuch as this section provides that the court may order different offenses tried separately or may divide them into groups for trial, the court may also order the trial of separate counts in an indictment to be consolidated for trial. 15 Ohio Jurisprudence (2d), 650, Criminal Law, Section 483.
There is no basis to petitioner’s contention in this respect.
Finally, petitioner argues that since Ms conviction he has been deprived of Ms constitutional right to appeal. He alleges that he filed a notice of appeal and various actions to obtain his trial records, all of which he alleges were denied. These are matters not cognizable in a habeas corpus proceeding, such proceeding being directed only to the validity of his present re *473 strain! based on the trial by a court of competent jurisdiction on a valid indictment. Habeas corpus does not reach procedural errors either in the original trial or attempted appeals therefrom.
The petitioner has shown no deprivation of rights which would entitle him to relief by way of habeas corpus.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.