**STATE of Missouri, Respondent,**

v.

**Donald W. WHITLEY, Appellant.**

**Nos. 50829–50831.**

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1964.

**666**

Thomas F. Eagleton, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

Donald W. Whitley in pro. per.

STOCKARD, Commissioner.

On May 24, 1963, appellant, Donald Willis Whitley, was involved in an automobile accident in which three persons in the other automobile were killed. Appellant subsequently was charged in three separate informations with the crime of manslaughter, each information alleging the death of a different person. The record in each case recites that after appellant "had an opportunity and reasonable time to consult with his said counsel and with a friend, and both [appellant] and his said counsel being pres-ent in open court, [appellant] waives formal arraignment and enters a plea of guilty to the charge of manslaughter, a felony, and the court states to the [appellant] that he has voluntarily entered his plea of guilty to the said charge, and now asks [appellant] if he has any legal reason to give why judgment should not be pronounced upon him in accordance with his plea of guilty and the [appellant] says nothing." In Case No. 1943 (the case numbers referred to herein are those of the circuit court) in which appellant was charged with manslaughter resulting from the death of Cliff Fife, the trial court then imposed a sentence of imprisonment for a term of two years. In Case No. 1944 in which appellant was charged with manslaughter resulting from the death of Elizabeth Ann Fife, the trial court imposed a sentence of imprisonment for a term of two years "said sentence to run consecutively and not concurrently with the sentence of two years imposed on this date in Case No. 1943." In Case No. 1945 in which appellant was charged with manslaughter resulting from the death of Denny Dysart Fife, the trial court imposed a sentence of imprisonment for a term of two years "said sentence to run consecutively and not concurrently with the sentences heretofore imposed on this date in cases numbered 1943 and 1944."

In each case appellant has filed a motion, pursuant to Supreme Court Rule 27.26, V.A.M.R., in which he alleges that the sentence is illegal because "the Circuit Court of Howard County, Missouri, imposed upon him a sentence which was not authorized by law, in that by law the utmost valid sentence the court could impose was a sentence for only one offense of manslaughter resulting from the single accident instead of the separate sentences imposed by the court." The motion was denied in each case, and appellant has appealed to this court. The three cases have been consolidated.

Section 559.070 RSMo 1959, V.A.M.S., provides that "Every killing of a

human being by the act, procurement or culpable negligence of another, not herein declared to be murder or excusable or justifiable homicide, shall be deemed manslaughter." The gravamen of the offense is the killing of a human being, and the statute by its terms contemplates that there shall be as many offenses as there are human beings killed, whether by one or several acts. It is well established and admitted that the State cannot split up a single crime and prosecute it in parts, State v. Toombs, 326 Mo. 981, 34 S.W.2d 61, 64, but "there is a distinction between an offense and the unlawful act out of which it arises and the rule that a person shall not be twice put in jeopardy for the same offense is directed to the identity of the offense and not to the act. Consequently, in a plea of former jeopardy * * * it is not sufficient to show that the act is the same, but it must be shown that the offense also is the same in law and fact." Annotation, "Acquittal or conviction of one offense in connection with operation of automobile as bar to prosecution for another," 172 A.L.R. 1053. See generally, State v. Chernick, Mo., 278 S.W.2d 741; State v. Brooks, Mo.App., 298 S.W.2d 511; State v. Varner, Mo., 329 S.W.2d 632, certiorari denied 365 U.S. 803, 81 S.Ct. 468, 5 L.Ed.2d 460; 22 C.J.S. Criminal Law § 285 and § 298. In this case appellant was charged with three separate and distinct offenses; the killing by culpable negligence of three different human beings, and three separate offenses were committed even though the three deaths arose out of the same acts constituting culpable negligence.

The precise factual situation of this case has been previously considered by the courts of other states. In 7 Am.Jur.2d, Automobiles and Highway Traffic, § 344, we find this statement: "Most courts hold that there are as many separate and distinct offenses as there are persons injured or killed by the unlawful operation of a motor vehicle, so that successive prosecutions may be instituted against the person who committed the unlawful act without violating the rule against double or former jeopardy. For ex-

ample, it has been held that a motorist may be tried and convicted upon two indictments charging him with manslaughter, where he so operated his vehicle as to cause the death of two persons in the same accident. Moreover, where a motorist killed five persons, it was held that his acquittal of the charge of manslaughter for causing the death of two such persons would not bar a prosecution of manslaughter for causing the death of the other three persons." Cited are the following cases: People v. Allen, 368 Ill. 368, 14 N.E.2d 397; Fleming v. Commonwealth, 284 Ky. 209, 144 S.W.2d 220; State v. Fredlund, 200 Minn. 44, 273 N.W. 353, 113 A.L.R. 215; Lawrence v. Commonwealth, 181 Va. 582, 26 S.E.2d 54; Commonwealth v. Maguire, 313 Mass. 669, 48 N.E.2d 665; State v. Taylor, 185 Wash. 198, 52 P.2d 1252. See also, Holder v. Fraser, 215 Ark. 67, 219 S.W.2d 625; Burton v. State, 226 Miss. 31, 79 So.2d 242; Jeppesen v. State, 154 Neb. 765, 49 N.W.2d 611; State v. Martin, 154 Ohio St. 539, 96 N.E.2d 776; State v. Cheatwood, 84 Ohio App. 125, 82 N.E.2d 770; McHugh v. State, 160 Fla. 823, 36 So. 2d 786, certiorari denied 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081; Fay v. State, 62 Okl.Cr. 350, 71 P.2d 768; 22 C.J.S. Criminal Law § 298 b; Annotation, 172 A.L.R. at p. 1062–1064.

Appellant relies on and cites only one case, State v. Citius, 331 Mo. 605, 56 S.W. 2d 72, where the defendant was charged with the robbery of two persons. On appeal it was urged that the trial court erred in refusing to require the State to elect whether it would go to the jury on the charge of robbing one or the other of the two victims, and in the course of the opinion it was said: "It is obvious that the robbery of the Polks was one transaction at one time and place, and was but one offense. Therefore if appellant had been charged separately he might have pleaded a conviction in one case in bar of the prosecution of the second case." However, recently this court ruled in State v. Ashe, Mo., 350 S.W.2d 768, 769,

without making reference to the Citius case, that " 'Where accused robbed two or more persons at the same time a prosecution for one of such robberies does not prevent a subsequent prosecution for another.' " The factual situation of the Citius case is wholly dissimilar to that of the pending cases, but in any event, as to robbery, the Ashe case now sets forth the rule in this State.

Appellant pleaded guilty to each of the three charges of manslaughter. Therefore, the question of the application of the doctrine of "collateral estoppel" does not arise.

There is no merit to appellant's contention that under the circumstances disclosed by the record he committed but one offense of manslaughter. The judgment of the trial court in each case dismissing the motion for relief under Supreme Court Rule 27.26, V.A.M.R., was correct, and therefore each judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., was adopted as the opinion of the Court.

All of the Judges concur.