**Larry DeLOCH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40104.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1979.

John J. Allan, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 Motion to Vacate Judgment and Sentence. He has raised one point of alleged error. As we find it to be without merit, we affirm the trial court's denial of the motion.

The facts leading to movant's conviction are found in *State v. DeLoch*, 554 S.W.2d 559 (Mo.App.1977). Briefly, a jury convicted the movant of three counts of felonious wounding and one count of operating a motor vehicle without the consent of the owner. He received sentences of four years imprisonment on each count of felonious wounding, these sentences to run consecutively, and four years imprisonment for operating a motor vehicle without the consent of the owner, this sentence to run concurrently with the other counts.

On appeal movant contends he was illegally placed twice in jeopardy for the same offense, in that his conviction for the three counts of felonious wounding arose out of a single act on his part and therefore he should only have been tried for one offense. Movant apparently raised this issue at his trial and in his motion for new trial, but did not raise it in his direct appeal to this court following his conviction.

We have previously held that a claim of double-jeopardy is not cognizable in a post conviction motion to vacate judgment and sentence. *Williams v. State*, 567 S.W.2d 370, 371 (Mo.App.1978).[1] *Accord Barker v. Ohio*, 328 F.2d 582, 585 (6th Cir. 1964); *Velazquez v. Sanford*, 150 F.2d 491, 493 (5th Cir. 1945); *Crapo v. Johnston*, 144 F.2d 863, 864 (9th Cir. 1944) *cert. denied* 323 U.S. 785, 65 S.Ct. 267, 89 L.Ed. 626 (1944). Therefore, movant is precluded from obtaining relief under Rule 27.26 for his double-jeopardy claim.

Although not obliged to do so, we have considered the merits of movant's contention and find the rule announced in *State v.*

---

1. The Western District of this court took a contrary position in *Weir v. State*, No. KCD 30,018 (Mo.App.W.D., February 21, 1979) *transferred* April 2, 1979.

*Whitley*, 382 S.W.2d 665 (Mo.1964) dispositive of this case. In *Whitley*, the State charged the defendant with three counts of manslaughter after he drove his vehicle into another automobile killing three of its occupants. The court stated:

Most courts hold that there are as many separate and distinct offenses as there are persons injured or killed by the unlawful operation of a motor vehicle, so that successive prosecutions may be instituted against the person who committed unlawful act without violating the rule against double or former jeopardy.

*Id.* at 667.

■ Here, while fleeing from police officers, the movant collided with another automobile injuring the driver and two passengers therein. Under the rule of *Whitley*, which we are bound to follow, movant may constitutionally be convicted of three counts of felonious wounding where his one separate act resulted in injury to three different persons. We rule this point against movant.

Movant finally contends that the imposition of three sentences for felonious wounding violates his rights to equal protection. We have reviewed this contention and find it to be without merit.

Judgment affirmed.

GUNN and CRIST, JJ., concur.